SECOND NATIONAL BANK OF NEW HAVEN, EXECUTOR OF THE WILL OF JOHN W. DOYLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11360. Promulgated July 2, 1928.

*A. D. Thomas, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

STERNHAGEN: The respondent determined a deficiency of $2,686.51 in estate tax resulting from his increase of the gross estate by the amount of $92,157.10, representing the undisputed value of certain securities which the estate omitted from the return. This omission by the estate is attributed to the belief of the executor that the securities in question were owned by the wife of the decedent at the time of his death. The respondent held that even assuming this to be true, the decedent had transferred the securities less than two years before his death and in contemplation of death, and that therefore they were properly included within the value of the gross estate under section 402 (c), Revenue Act of 1921.

The decedent died on February 11, 1923, and this statute is therefore applicable. There is a substantial amount of testimony taken by deposition, but from this it can not be said, as the statute requires, that the petitioner has shown to the contrary of the presumption that the transfers made within two years before death were in contemplation of death. Indeed it is doubtful from the evidence whether as a matter of law there was a gift or transfer at any time of the securities in question to the wife. There was, to be sure, a segregation of the decedent's securities and a marking by him of an envelope containing some bonds to identify them as the property of the wife, but

there is an absence of evidence as to delivery to or possession by her.

But even assuming that there was a complete transfer, we could not say from the evidence that it took place more than two years before death. Therefore the statute has said as a matter of law that the transfer must be deemed to be made in contemplation of death, unless the petitioner shows to the contrary. See *C. D. Lehman, Executor,* 6 B. T. A. 791. This we think the petitioner has failed to do, and, without attempting to set forth the evidence, we affirm the Commissioner's determination in accordance with the statutory presumption.

*Judgment will be entered under Rule 50.*